UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**FILED**

2013 JAN 29 P 4:09

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| MATT & RACHEL, LLC<br>d/b/a BUB'S BURGERS &<br>ICE CREAM,<br><br>    Plaintiff,<br><br>vs.<br><br>BUB'S BURGERS INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:13cv122<br>)<br>)     GBL/JFA<br>)<br>)<br>) |

## COMPLAINT

Matt & Rachel, LLC d/b/a Bub's Burgers & Ice Cream ("Matt & Rachel"), for its Complaint against the Defendant, Bub's Burgers Inc. ("Defendant"), alleges and states:

### PARTIES AND JURISDICTION

1. Matt & Rachel is an Indiana limited liability company organized under the laws of Indiana, with its principal place of business in Carmel, Indiana.

2. Upon information and belief, Defendant is a corporation created under the laws of Virginia with its principal place of business in Richmond, Virginia.

3. This Court has personal jurisdiction over Defendant.

4. This action arises under the trademark laws of the United States and the laws of unfair competition. It is brought pursuant to Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(a) and 1125(a), and the common law of the Commonwealth of Virginia.

5. This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338(b), and 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and § 1391(c)(2) because a substantial part of the events or omissions giving rise to the claims arose within this judicial district and because Defendant resides in this jurisdiction.

## ALLEGATIONS COMMON TO ALL COUNTS

### The Business and Trademarks of Matt & Rachel

7. Matt & Rachel owns and operates two restaurants under the name Bub's Burgers & Ice Cream both of which are located in Indiana, and one restaurant under the name Bub's Café which is also located in Indiana (collectively "Bub's Restaurants").

8. The Bub's Restaurants are well-known providers of restaurant services. Bub's Restaurants are particularly well-known for their high-quality burgers, great service and family friendly atmosphere.

9. Since as least as early as February 2003, Matt & Rachel has used the mark BUB'S® in interstate commerce in connection with its services.

10. The BUB'S® logo is as follows: 

11. Matt & Rachel is the owner of U.S. trademark Reg. No. 3,028,910 for the mark BUB'S® (the "BUB'S® Mark") for use in connection with "restaurant services." This registration issued December 13, 2005, and claims a date of first use in commerce of February 5, 2003.

2

12. Pursuant to 15 U.S.C. § 1057(b) Matt & Rachel has the exclusive right to use the BUB'S® Mark in interstate commerce throughout the United States.

13. Pursuant to 15 U.S.C. § 1065, the BUB'S® Mark is incontestable.

14. Matt & Rachel is also the owner of U.S. trademark Reg. No. 3,817,508 for the mark MINI BUB® for use in connection with "hamburger sandwiches." This registration issued July 13, 2010, and claims a date of first use in commerce of May 2003.

15. Matt & Rachel advertises and markets its restaurant services using its registered trademarks, online through the Internet, primarily through the www.bubsburgersandicecream.com website. Each individual webpage on the www.bubsburgersandicecream.com site prominently features the BUB'S® Mark. Furthermore, on the website, the BUB'S® Mark is followed by a "TM" to expressly denote the mark is being used as a trademark.

16. Matt & Rachel also advertises and markets its restaurant services by featuring the BUB'S® Mark in connection with physical signs at its restaurant locations.

17. Matt & Rachel and its services have received nationwide acclaim and have been featured on such nationally broadcast television programs as *Man v. Food* on the Travel Channel, which aired an episode featuring a Bub's Burgers and Ice Cream restaurant in August 2010.

18. Matt & Rachel has used the BUB'S® Mark in connection with restaurant services since at least as early as February 2003, and has used the MINI BUB'S® mark in connection with hamburgers since at least as early as May 2005. Matt & Rachel has spent significant amounts of time and money promoting and advertising the BUB'S® and MINI BUB'S® marks (collectively, the "Bub's Marks") in connection with its goods and services.

19.     Matt & Rachel has offered and continues to offer goods and services under the Bub's Marks in interstate commerce continually since February 2003.

20.     The Bub's Marks are arbitrary as used in connection with restaurant services, and are inherently distinctive.

21.     Matt & Rachel has offered and continues to provide services under the Bub's Marks in interstate commerce continually since February 2003.

22.     Through the extensive, continuous use and promotion of the BUB'S® Mark, as well as the MINI BUB® Mark, theses marks are associated with the Bub's Restaurants and the services provided by Matt & Rachel.

23.     As a result of the longstanding use of the Bub's Marks, in connection with providing its services, the Bub's Marks and the goodwill of the business associated therewith are of inestimable value to Matt & Rachel and the Bub's Restaurants.

<h3 style="text-align:center;">Defendant's Infringement</h3>

24.     Upon information and belief, on August 16, 2012, Defendant incorporated in accordance with the laws of the state of Virginia, under the trade name Bub's Burger Inc. Defendant then began promoting and selling products and services under the mark Bub's Burgers & Fries (the "Infringing Mark").

25.     Defendant's logo is as follows: .

26.     Defendant's domain name, bubsburgerandfries.iliketosave.com, while hosting no content, wholly contains the Infringing Mark, and implies the promotion of restaurant services, namely the sale of burgers and fries.

27. Defendant's Facebook page was used to promote restaurant services under the Infringing Mark, with particular attention paid to the sale of hamburgers. This page was brought to the attention of the Facebook Staff through counsel for Matt & Rachel and was removed for trademark infringement on October 5, 2012.

28. Defendant's use of the Infringing Mark is in interstate commerce.

29. On September 21, 2012, an agent for Matt & Rachel contacted Defendant via certified mail to report Defendant's trademark infringement, unfair competition, false designation of origin and false description resulting from its use of the Infringing Mark and to demand that Defendant cease these activities.

30. On October 8, 2012, an agent for Matt & Rachel again contacted Defendant to demand that Defendant cease its continued trademark infringement, unfair competition, false designation of origin, and false description.

31. On October 22, 2012, Matt & Rachel's agent had a telephone conference with Defendant's agent, and Defendants; refused to cease use of the Infringing Mark.

32. In response to this contact, on October 22, 2012, an agent for Defendant responded to Matt & Rachel's agent, refusing to cease use of the Infringing Mark.

33. Upon information and belief, Defendant only began using the Infringing Mark in 2012 and has no federal trademark rights in the Infringing Mark.

34. The Infringing Mark incorporates the BUB'S® Mark in its entirety.

35. Both Matt & Rachel's services and Defendant's services are restaurant services, and both involve the same category of restaurant food, with an emphasis on different variations of hamburgers.

36. Goods and services bearing the Bub's Marks and the Infringing Mark travel through the same channels of marketing and trade and to the same consumers.

37. Defendant's use of the confusingly similar Infringing Mark in connection with restaurant services is likely to cause a substantial number of ordinary consumers to be mistaken, confused, or deceived into thinking that Defendant's services are offered by, endorsed by, sponsored by, or affiliated with the Matt & Rachel and/or the Bub's Restaurants.

38. The false impression created by Defendant constitutes trademark infringement and unfair competition.

39. Defendant has no association or affiliation with Matt & Rachel or the Bub's Restaurants, nor does Defendant have the consent of Matt & Rachel to use in its business or advertising the Infringing Mark.

40. The services provided by Defendant are not Matt & Rachel's services, and Defendant does not have the sponsorship, consent, approval, or certification of Matt & Rachel to offer its services under the Infringing Mark.

41. Upon information and belief, Defendant adopted and continues to use the Infringing Mark with both actual and constructive knowledge of Matt & Rachel's prior trademark rights so that Defendant's unfair competition and infringement is intentional, willful, and constitutes a bad faith attempt to deceive or to create mistake or confusion in the minds of Matt & Rachel's customers and potential customers and of the public, to trade on Matt & Rachel's goodwill, to palm off Defendant's services as those of Matt & Rachel's, and to create the false impression of a connection, affiliation, association, sponsorship, or approval of or between Matt & Rachel and Defendant, all causing irreparable injury to Matt & Rachel and its Bub's Restaurants.

42. Matt & Rachel has no adequate remedy at law.

## COUNT I

## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

43. Matt & Rachel realleges and incorporates paragraphs 1 through 41 as if fully set forth in this paragraph.

44. Defendant uses the Infringing Mark in connection with restaurant services, and is likely to cause confusion with Matt & Rachel's senior, federally-registered BUB'S® Mark.

45. Defendant intentionally and willfully adopted and continues to use the Infringing Mark in connection with restaurant services with full knowledge of Matt & Rachel's senior and superior rights in the registered mark and the unauthorized use of its mark is intended to cause confusion, mistake and deception between the services of Matt & Rachel and Defendant.

46. Upon information and belief, Defendant's tortious acts constitute willful and deliberate infringement and are in willful and wanton disregard of Matt & Rachel's established and superior rights, in violation of 15 U.S.C. § 1114(1).

47. As a result of Defendant's unlawful actions, Matt & Rachel has suffered commercial harm.

48. Matt & Rachel has also been, and continues to be, harmed irreparably by Defendant's unlawful actions and has no remedy at law.

49. As a result of these wrongful acts, Matt & Rachel is entitled to recover actual and treble damages, reasonable attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117.

## COUNT II

## TRADEMARK INFRINGEMENT UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

50. Matt & Rachel realleges and incorporates paragraphs 1 through 41 as if fully set forth in this paragraph.

51. Upon information and belief, Defendant's use in commerce of the confusingly similar trade name Bub's Burgers and Infringing Mark in connection with the advertising, marketing, and promotion and sale of restaurant services constitutes a use in interstate commerce that is likely to cause confusion and mistake and to deceive consumers as to the source or origin of Defendant's services such that consumers may believe that Defendant is sponsored by, authorized by, or affiliate or connected with Matt & Rachel and may cause further deception such that consumers may arrive at Defendant's site when searching the Internet for the restaurants owned and operated by Matt & Rachel under the Bub's Marks.

52. Defendant's false designation of origin, false description, and false representation that Defendant and its products and services are sponsored by, authorized by, or affiliated with Matt & Rachel are in violation of 15 U.S.C. § 1125(a).

53. Upon information and belief, Defendant has intentionally, knowingly and willfully adopted and used a name, mark or false designation of origin likely to cause confusion in the marketplace as to the source, origin, or sponsorship of the services being offered by Defendant.

54. As a result of these wrongful acts, Matt & Rachel is entitled to recover actual and treble damages, reasonable attorneys' fees, and the costs of this litigation pursuant to 15. U.S.C. § 1117. In addition, Defendant's acts are causing and continue to cause Matt & Rachel and

Bub's Restaurant's irreparable harm in the nature of loss of control over its reputation and loss of substantial consumer goodwill. This irreparable harm to Matt & Rachel will continue, without any adequate remedy at law, unless and until Defendant's unlawful conduct is enjoined by this court.

## COUNT III
### Common Law Trademark Infringement

55. Matt & Rachel realleges and incorporates paragraphs 1 through 41, as if fully set forth in this paragraph.

56. The Bub's Marks are inherently distinctive.

57. In addition, Matt & Rachel established secondary meaning in the Bub's Marks, including the marks BUB'S® and MINI BUB'S® in connection with its services before Defendant's first use of confusingly similar Infringing Mark.

58. Defendant's use of the confusingly similar Infringing Mark in connection with restaurant services, namely the sale of burgers and fries, constitutes an infringement of Matt & Rachel's common law rights in the Bub's Marks.

59. Matt & Rachel has been harmed by Defendant's wrongful acts.

WHEREFORE, Matt & Rachel requests the Court to award the following relief:

1. A preliminary and permanent injunction enjoining and restraining Defendant, its partners, associates, agents, servants, employees, officers, directors, representatives, successors, assigns, attorneys and all persons in active concert or participation with it who learn of the injunction through personal service or otherwise: (a) from using the Infringing Mark, or any other trademarks confusingly similar to the BUB'S® Mark or other trademark owned by Matt & Rachel; (b) from offering goods and/or services related to the restaurant industry including or

incorporating the word "Bub" or variations of that word; (c) from representing by words or conduct that Defendant or its services are authorized, sponsored, endorsed, or otherwise connected with Matt & Rachel; and (d) from engaging in any other conduct which causes, or is likely to cause, confusion, mistake, deception, or misunderstanding as to the source, affiliation, connection or association of Defendant and its services with Matt & Rachel.

2. An accounting and judgment against Defendant for (a) all profits received from the sale of services by Defendant under or in association with the Infringing Mark or under any other trademarks confusingly similar to the Bub's Marks; (b) damages sustained by Matt & Rachel on account of Defendant's trademark infringement, unfair competition, and false designation of origin; (c) treble damages, where appropriate; and (d) punitive damages to deter such actions in the future.

3. An enhancement of damages to a sum not exceeding three (3) times the profits earned by Defendant as a result of its improper use of marks confusingly similar to the BUB'S® Mark.

4. An order that any domain name incorporating the word "Bub" or formatives of that word registered or otherwise controlled by Defendant be transferred to Matt & Rachel.

5. Pursuant to 15 U.S.C. § 1118, the destruction of all business cards, invoices, forms, advertisements, packaging, promotional materials or any other materials bearing the Infringing Mark or any other mark confusingly similar to the Bub's Marks, and the modification of all websites owned or controlled by Defendant to delete use and display of the Bub's Marks or any references to those marks.

6. Matt & Rachel's costs of this suit, including reasonable attorneys' fees and expenses.

7. All other just and proper relief.

                                         Respectfully submitted,

                                         */s/ Christine H. McCarthy*
                                         Christine H. McCarthy (#40644)
                                         BARNES & THORNBURG LLP
                                         1717 Pennsylvania Avenue N.W.
                                         Suite 500
                                         Washington, DC 20006
                                         cmccarthy@btlaw.com
                                         Telephone: 202-371-6371
                                         Fax: (202) 289-1330

                                         Attorneys for Plaintiff,
                                         Matt & Rachel, LLC.

INDS02 1244233v1